**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
**Russo Building**
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON CORONA, an individual,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF ROCKLIN, a municipal corporation; JEFFREY PAXTON, in his individual capacity as a law enforcement officer for the CITY OF ROCKLIN; and DOES 1-25, inclusive,<br><br>     Defendants. | Case No.:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. § 1983) |

## INTRODUCTION

1. On the afternoon of February 24, 2023, Plaintiff Cameron Corona was experiencing severe audible hallucinations, which resulted in him failing to stop for a Placer County Sheriff's Deputy, who tried to stop him for a traffic infraction. After failing to yield, Mr. Corona rapidly drove a few miles to his mother's house, got out of the car and went inside. Soon after Rocklin Police Officers arrived.

2. Just weeks earlier, Rocklin Police Officers refused to place Mr. Corona on a

mental health hold, after his family reported that he was having disabling auditory hallucinations. This day, Mr. Corona's wife, brother, and mother all told multiple officers on scene that Mr. Corona was sober, but having active psychosis, paranoia, confusion, auditory hallucinations/hearing loud voices, delusions, and had just started a new mental health medicine. Officers on scene recalled Mr. Corona from prior mental health calls. The family pleaded with officers to put down their guns and tasers and help Mr. Corona.

3. Instead of attempting to deescalate a situation with an unarmed man in active psychosis, more than a dozen officers cornered him, screamed conflicting commands, threatened him, tased him multiple times, tackled him into a bed of rocks, dogpiled him and handcuffed him, in violation of state and federal law, and contravening even the most antiquated training and policies related to de-escalation of force and handling mentally ill individuals.

4. Mr. Corona was under the control and weight of multiple officers, fully-detained, handcuffed, and unable to move his body. Then, inexplicably, Defendant City of Rocklin Police Officer Jeffrey Paxton violently and punitively hit Mr. Corona with a baton in the leg at least five times, until the leg broke. The Officers tried to conceal their body cameras, but Mr. Corona's family witnessed the horror and screamed over and over that he was suffering from hallucinations, fearing Mr. Corona would be killed before their very eyes.

5. Shockingly, Officers demanded Mr. Corona stand up and walk. Mr. Corona told them explicitly that his leg was broken, and he could not walk, but the officers forced him to his feet, and made him walk to the patrol car on his broken leg, partially dragging him against him and his family's protest. Despite having notice of Mr. Corona's significant and gravely disabling mental illness, Officers still refused to place him on a mental hold or call him an ambulance.

6. As a result of Defendant Paxton's egregious and gratuitous beating, Mr. Corona

needed surgery to stabilize his leg. Defendant Paxton's actions left Mr. Cameron with significant permanent injuries, emotional distress, ongoing pain, lost income, difficulty standing, and the inability to work in his usual skilled trade.

**VENUE**

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

**JURISDICTION**

8. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343, confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Rocklin, California, which is within the judicial district of this Court.

9. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the state law claims, which are related to federal claims in this action in that they form part of the same case or controversy under Article III of the Constitution of the United States.

**PARTIES**

10. Plaintiff CAMERON CORONA ("PLAINTIFF") is a competent adult, a California resident and a United States Citizen.

11. Defendant CITY OF ROCKLIN (hereinafter, "CITY") is a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY OF ROCKLIN manages and operates the ROCKLIN POLICE DEPARTMENT ("RPD"). The CITY OF ROCKLIN maintains respondeat superior liability for the actions of its employees.

12. Defendant OFFICER JEFFREY PAXTON ("DEFENDANT PAXTON") is and at all

relevant times was an officer for the RPD. Defendant OFFICER JEFFREY PAXTON ("DEFENDANT PAXTON") is and at all relevant times was an officer for the RPD and is sued individually and in his official capacity.

13. Plaintiff is ignorant of the true names and/or capacities of Defendant sued herein as DOES 1-25, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the D.O.E. defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon the agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this Complaint subject to further discovery.

14. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the Defendant Department.

15. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

16. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

**ADMINISTRATIVE PREREQUISITES**

17. Plaintiff is required to comply with an administrative tort claim requirement under

California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiff filed a timely government tort claim with the CITY OF ROCKLIN. Defendant CITY issued a defective claim rejection on October 23, 2023. More than 45 days have elapsed since the claim was filed.

## FACTUAL ALLEGATIONS

18. At approximately noon on February 24, 2023, Plaintiff Cameron Corona was driving with his wife and daughter when he began experiencing severe psychosis and heard loud voices telling him that his daughter was in danger. In response, he started driving rapidly to his mother's house to drop off his daughter.

19. Mr. Corona was not on any illegal drugs or alcohol. Mr. Corona started taking a newly prescribed mental health medication the day prior.

20. During the final miles of the drive, a Placer County Sheriff's Department deputy attempted to stop Mr. Corona for a traffic infraction, but he continued to drive approximately three miles to his mother's house at a high rate of speed.

21. Mr. Corona parked the vehicle next to the house and went inside, while his wife and child stayed in the car. The pursuing Placer County Sheriff's Deputies did not follow Mr. Corona into the house or attempt to make contact with him at that time.

22. Multiple Rocklin Police Officer arrived. In total more than a dozen officers from Placer County Sheriff's Department and Rocklin Police Department arrived in response to one medium sized, unarmed mentally ill man in need of a mental health hold.

23. Mr. Corona's wife and family had made multiple prior attempts to get Rocklin Police

to place Mr. Corona on a mental health hold, including one month prior, when Rocklin Police Department refused to place an involuntary mental health hold on Mr. Corona, despite his active disabling hallucinations and delusions.

24. On this day, prior to directly engaging with Mr. Corona, his wife, brother, and mother, all told multiple officers on scene that Mr. Corona was profoundly mentally ill, confused, suffering from hallucinations, delusions, hearing voices, and had just began taking a new mental health medicine.

25. Rocklin Police acknowledged being familiar with Mr. Corona's mental health issues, having been to the house just a month earlier when they refused to place him on a mental health hold.

26. Mr. Corona's family notified officers that Mr. Corona was sober and his mental health issues were not drug related.

27. The family pleaded with officers to put down their guns and tasers and help Mr. Corona get to the hospital for a mental health evaluation.

28. Mr. Corona went into the backyard to smoke a cigarette, while pacing and holding his hands in the air. More than a dozen officers entered the side yard, without asking the family to help get him safely into custody, ignoring training directing officers to utilize trusted family to help negotiate with mentally unwell individuals.

29. Then, without having attempted any de-escalation tactics, in violation of state law, constitutional law, the Americans with Disabilities Act, and contravening even the most antiquated training and policies related to de-escalation of force and handling mentally ill individuals, multiple officers cornered Mr. Corona and began yelling conflicting commands while tasing him over and over.

30. After being tased multiple times in his thick clothing, a confused and Mr. Cameron grabbed the taser prongs from his clothing and screamed 'what are these things?', clearly not having a meaningful understanding of what was happening to him.

31. Taser International training warns of the ineffectiveness of tasers on persons with heavy clothing and jackets and people with known mental health disabilities.

32. Then, without ever having tried to de-escalate, multiple yet to be identified Officers body slammed Mr. Corona onto a bed of rocks on an uneven surface, dog-piled on top of him, and handcuffed him.

33. Once Mr, Corona hit the ground his family could see him motionless on the ground, and non-combative, while officers yelled out over and over 'quit resisting' while covering their body camera lenses. Mr. Corona cried over and over that he was not resisting and his family could see that he was not moving at all.

34. While this is happening, Mr. Corona's mother, wife and brother watched the entire incident in fear and horror and begged the officers not to hurt him, telling them over and over that he was having psychosis and hearing loud voices in his head.

35. Once Mr. Corona was down on the ground, covered under the weight and control of multiple officers, handcuffed and unable to move on his own, Defendant Rocklin Police Officer Jeffrey Paxton violently and punitively struck him with a baton more than five times in the leg, causing an open fracture of his tibia.

36. Then, after breaking Mr. Corona's leg in half, Officers refused to provide him immediate medical attention, instead, they told him to stand up and walk. Mr. Corona told officers explicitly that his leg was broken and that he could not walk on it. Nevertheless, Officers forced Mr. Corona to his feet and made him walk on his severely broken leg in excruciating pain.

37. When Mr. Corona was not walking effectively enough on his broken leg, Officers began to half carry and half drag him to the police car and refused to call an ambulance.

38. Despite having notice of Mr. Corona's significant active mental health episode, Officers still refused to place him on a 5150 mental health hold, and instead took him away in a patrol car.

39. Officers on scene were laughing about the incident and they all refused to provide their names and badge numbers to the family.

40. Mr. Corona was eventually transported to Sutter Roseville, where he spent a week in the hospital recovering from the surgical installation of metal hardware to stabilize his leg. Doctors also removed a taser prong from Mr. Corona's finger.

41. As a result of Defendant Officer Paxton's egregious and gratuitous attack, Mr. Corona was left with significant permanent physical injuries, resulting in ongoing pain, loss of ability to work, lost income, difficulty standing and the inability to work in his usual skilled trade.

42. The Placer County District Attorney entered into a plea agreement with Mr. Corona wherein all charges related to this incident will be dismissed upon the completion of Mr. Corona's mental health diversion plan.

43. Mr. Corona requested an internal affairs investigation into this incident. The Rocklin Police Department allegedly completed an investigation but failed to contact any of the eyewitnesses. After investigating themselves and speaking to no witnesses, the department found no fault in their officers' actions.

44. Defendant CITY OF ROCKLIN failed to discipline or retrain Defendant PAXTON,

and other CITY OF ROCKLIN employees who overtly failed to follow applicable laws, policies, and training during this incident.

45. Mr. Corona continues to suffer from pain, fear, and anxiety resulting from this egregious and violent betrayal of public trust.

## DAMAGES

46. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

47. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) if he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42. U.S.C. §§ 1983 and 1988.

48. The conduct of the Defendant Police Officer PAXTON, and DOES 1-25 was malicious, wanton, and oppressive.

49. Plaintiff is therefore entitled to an award of punitive damages against Defendant Officer PAXTON.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of Fourth Amendment—Excessive Force)
(PLAINTIFF against Defendant PAXTON and DOES 1-25)

50. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

51. 42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute,

ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

52. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, unreasonable search and seizure, and to be free from excessive force being used against him.

53. Defendant PAXTON's actions, as described herein, resulted in the deprivation of these constitutional rights.

54. Defendant PAXTON's, acting in the performance of his official duties, used excessive force against Plaintiff.

55. On February 24, 2023, Plaintiff posed no threat to Defendant Officer PAXTON or anyone else when he used excessive force against Plaintiff.

56. When Defendant Paxton violently struck Plaintiff in the leg with a baton in excess of five times, then subsequently denied Plaintiff medical care and forced him to walk on an open fracture of the tibia, Defendant Paxton did so without probable cause or exigency, knowing that Plaintiff's mental defect prevented him from meaningfully understand any command or order. Plaintiff neither posed a threat, nor committed a crime punishable by corporal punishment. As such, the use of any force was unnecessary, unreasonable, excessive and constituted excessive uses of force.

57. Defendant, acting under the color of statute, ordinances, regulations, customs, and

usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

58. The conduct alleged herein caused Plaintiff to be deprived of his civil rights protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, loss of ability to perform skilled trade, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial.

59. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(NEGLIGENCE)**
(PLAINTIFF against Defendants CITY, PAXTON, and DOES 1-25)

60. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

61. At all times, Defendants owed Plaintiff a duty to act with reasonable care in executing and enforcing any right, law, or legal obligation.

62. The general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a.    To follow all policies and procedures provided by the City of Rocklin, and P.O.S.T., including policies and procedures related to de-escalation of force, use of force, and handling of mentally ill persons;

    b.    To follow the Americans with Disabilities Act;

    c.    To refrain from using unreasonable force;

    d.     To refrain from using punitive force;

    e.     To refrain from unlawful searches and seizures;

    f.     To refrain from abusing the authority granted them by law;

    g.     To refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and otherwise protected by law.

    h.     To refrain from omitting facts from official reports;

    i.     To provide medical care to injured detainees; and

    j.     To intervene upon observing unlawful conduct from coworkers.

63. Defendants breached every one of the aforementioned duties owed to Plaintiff through their acts and omissions.

64. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

65. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth herein.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
(PLAINTIFF against Defendants CITY, PAXTON, and DOES 1-25)

66. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

67. Defendant PAXTON, while working as law enforcement employees for Defendant

CITY, and acting within the course and scope of his duties, intentionally and gratuitously broke Plaintiff's leg without a lawful basis.

68. At no point did Plaintiff consent to Defendant's conduct described herein.

69. A reasonable person in the same position as Plaintiff would have been offended by Defendant's conduct described herein.

70. As a result of the actions of the Defendant, Plaintiff suffered permanent disability. Defendant did not have legal justification for using force against Plaintiff, and Defendant's use of force while carrying out his duties was an unreasonable use of force.

71. Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

72. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injuries and damages and is entitled to relief as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act - Cal. Civ. Code § 52.1)**
(Plaintiff against Defendant CITY, PAXTON, and DOES 1-25)

73. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint as fully set forth here.

74. Plaintiff brings this "Bane Act" claim individually for direct violation of his rights. By their conduct described herein, Defendant, violated Plaintiff's rights under California Civil Code § 52.1 and the flowing clearly-established rights under the United States Constitution and the California Constitution:

    a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I., § 13 of the California Constitution;

    b. Plaintiff's right to be free from the excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

75. Excessive force violates the Fourth Amendment and violates the Bane Act. Defendant's use of unlawful force against Plaintiff satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

76. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All Defendant's duties and rights violations were volitional and intentional acts done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

77. Alternatively, Defendant violated Plaintiff's rights by conduct constituting threats, intimidation, or coercion that was above and beyond any lawful seizure or use of force.

    k. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards and violation of Plaintiff's rights;

    l. Defendants striking and/or physically striking Plaintiff multiple times, in the absence of any threat or need for such force;

    m. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Cal. Civ. Code § 52.1;

  n. Using excessive, unreasonable, and unjustified force against Plaintiff while he attempted to comply with officers and/or was mentally unable to comply with orders;

  o. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

  p. Violating multiple rights of Plaintiff;

78. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against Defendant and is entitled to relief as set forth herein.

79. Plaintiff is entitled to injunctive relief and an award of his reasonable attorneys' fees pursuant to Civil Code § 52.1(h).

80. Plaintiff is entitled to damages, including punitive damages against Defendants and all damages allowed by Cal. Civ. Code §§ 52, 52.1 and California law, not limited to costs, attorney fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER**

Wherefore, Plaintiff prays for relief as follows:

1. For general damages in a sum proven at trial;

2. For special damages, including but not limited to past, present, and/or future wage loss, income, and support, medical expenses, and other special damages in a sum to be determined according to proof;
3. For punitive damages against Defendant PAXTON, and DOES 1-25 in a sum according to proof;
4. All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civ. Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant CITY and their employees;
5. Any and all permissible statutory damages;
6. For the cost of suit herein incurred; and
7. For such other and further relief as the Court deems proper.

**Date:** April 20, 2023             Respectfully submitted,

**NOLD LAW**

/s/*Melissa C. Nold*
MELISSA C. NOLD
COUNSEL FOR PLAINTIFF